**Marcella Jean CARLSON, individually and as surviving spouse of Carl Marian Carlson, Appellant,**

v.

**CITY OF BROKEN ARROW, Appellee.**

**No. 82166.**

Court of Appeals of Oklahoma, Division No. 1.

Aug. 16, 1994.

Certiorari Denied Nov. 10, 1994.

Joseph F. Clark, Jr., Tulsa, for appellant.

Michael R. Vanderburg, Broken Arrow, for appellee.

## *OPINION*

HANSEN, Presiding Judge:

Appellant Marcella Jean Carlson, individually and as surviving spouse of Carl Marian Carlson, seeks review of the trial court's order which granted Appellee's motion for summary judgment. Appellant brought this action against Appellee, the City of Broken Arrow (City), alleging City was negligent in its provision of ambulance services to her husband/decedent, Carl Carlson, on February 26, 1991. City provided emergency medical service through the Broken Arrow Fire Department. Appellant filed her notice of claim against City pursuant to the Governmental Tort Claims Act, 51 O.S.1991, § 151 et seq. City denied the claim and Appellant brought this action.

Appellant alleged City was negligent for failing to provide "Level IV" ambulance care to the City of Broken Arrow and that City negligently provided "Level I" ambulance care to the decedent. The trial court's order granting summary judgment found:

The gravamen of this complaint, as originally pled and as amended, is a medical malpractice claim based on the health care provided by Broken Arrow's Emergency Medical Service, which is a division within the Broken Arrow Fire Department. Broken Arrow is licensed as a Basic EMS (Level I) at all times relevant. Plaintiff has argued that according to appropriate community standards, Broken Arrow is obligated to provide Level IV (paramedic service), and therefore the failure to pro-

vide such service amounts to negligence. The Court finds, as a matter of law, that the City of Broken Arrow is entitled to determine the level of service it is willing to provide. Having determined to provide basic emergency medical service through Level I licensure, there was no negligence in their failure to provide Level IV service. This is precisely the type of decision entrusted to the elected officials of the City of Broken Arrow and the decision is the result of legislative discretion. As such, the City cannot be held liable through a civil action based upon this exercise of discretion.

The judgment also denied Appellant's claims based on the negligent delivery of Level I services to the decedent. On appeal, Appellant does not challenge that portion of the judgment which grants summary judgment to City based on Appellant's claim City negligently delivered Level I service. In its judgment denying her motion for new trial or reconsideration, the trial court concluded City's decision to provide emergency ambulance care and to provide it under a Level I license, is a Legislative function, not proprietary, and that City is immune from suit.

■ As a preliminary matter, Appellee's motion to dismiss this appeal because Appellant's appeal brief does not conform to Rule 15 and 18, Supreme Court Rules, 12 O.S., Ch. 15, App. 1, is denied.[1] Appellant's sole argument on appeal is that the City of Broken Arrow was negligent in failing to provide Level IV ambulance care to its citizens and that City did not have the discretion to provide only Level I ambulance service. Although City is not required to provide ambulance service to its citizens, once City decides to offer ambulance service, she maintains, City must provide the same level of service that is available in surrounding communities. If City had been licensed to provide Level IV service, the decedent would have been offered a defibrillator to restart his heart and his chances of surviving his heart attack would have increased. City maintains its decision to offer only Level I service is discretionary and therefore exempt under 51 O.S.1991, § 155(5).

The uncontroverted facts show City has not been licensed to offer Level II, III or IV ambulance service since 1989. The license, issued by the Oklahoma State Department of Health and in effect when decedent was transported, shows City had a "Basic Life Support Level", or Level I license.[2] Persons licensed to provide basic life support are referred to as "EMT/Basic" and are not authorized to use defibrillators on patients. Several communities in Tulsa County surrounding the City of Broken Arrow provide Level IV (paramedic) services in those communities. Paramedics are authorized to use defibrillators on heart attack patients. The ultimate responsibility for determining the level of ambulance service provided in Broken Arrow is with the Broken Arrow City Council, after receiving recommendations from the Fire Chief and City Manager.

■ The Governmental Tort Claims Act, 51 O.S.1991, § 151 et seq., was enacted in 1985. The Act generally waives the immunity of governmental entities for torts. *Nguyen v. State*, 788 P.2d 962 (Okla.1990). There are 30 carefully enumerated exemptions from liability in 51 O.S.1991, § 155. Subparagraph 5 is the discretionary function exemption. It provides:

> The state or a political subdivision shall not be liable if a loss or claim results from:

1. Appellee wants this appeal dismissed because Appellant's brief exceeds the 30–page limit provided in Rule 18 and because it fails to include an "abstract of record". The substantive portion of Appellant's brief is only five pages long. Attached to her brief, however, are copies of her Response to Appellee's Motion for Summary Judgment, Supplemental Response, and Motion for Reconsideration or New Trial. These documents are already included in the record on appeal. Appellee complains Appellant inaccurately summarized portions of certain testimony and that certain testimony referred to is not included in the record. This Court will only consider evidence properly included in the record on appeal. *Hadnot v. Shaw*, 826 P.2d 978, 982 (Okla.1992).

2. Two other entities were licensed at the time of decedent's transport to provide ambulance service in Broken Arrow but these entities are only allowed to provide inner-facility transfers. These other two entities have advanced licenses from the State of Oklahoma.

5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;

This exemption is "extremely limited" because a broad interpretation of the exemption would basically eradicate the government's general waiver of immunity. *Nguyen,* at 964.

█ Under the approach adopted in *Nguyen,* initial policy level or planning decisions are considered discretionary and immune, while operational level decisions made in the performance of policy are considered ministerial and not exempt from liability. *Nguyen,* at 964–965. Under this approach, the government is subject to liability for routine decisions and daily implementation of the policy or planning level decision, but it retains immunity with respect to the *formulation of the policy.*

█ Under the Oklahoma Emergency Medical Services Act, 63 O.S.1991, § 1–2501, et seq. local governments or other entities which desire to provide emergency medical services must be licensed by the State Department of Health. 63 O.S.1991, § 1–2509. There are four levels of licensure for emergency medical care providers and ambulance services: basic life support, intermediate life support, paramedic life support and specialized mobile intensive care. Requirements for each level of care are established by the State Board of Health. 63 O.S.1991, § 1–2503(13). Persons licensed as EMT/Basic, EMT/Intermediate and EMT/Paramedic are allowed to perform such skills as the Department of Health designates. 63 O.S.1991, § 1–2505.

Appellant relies on the case of *Schneider v. Buckman d/b/a Buckman–Schierts Ambulance Service,* 412 N.W.2d 787 (Minn.App. 1987) as authority for her contention City is required to provide the same level of care as that provided in certain surrounding communities.[3] *Schneider* was a negligence action brought against an ambulance service for injuries received by a person transported by the service. The "community standards" referred to in that opinion pertained to the standard of care the defendant was required to provide and whether the defendant breached that standard. The "community standard" was not, as Appellant suggests, the standard which a municipality must follow in making the initial decision what particular *level* of ambulance service it will undertake to provide. City admits its basic Level I service must be judged uniformly with every other basic Level I service in the State. The issue of City's compliance with the standard of Level I service is not, as previously noted, before us on appeal.

As noted by both parties, City was not required to provide any ambulance service at all. It did, however, decide to offer basic Level I services. The decision of *what level* of ambulance service, if any, that a municipality will offer its citizens, is a policy level or planning decision which is discretionary. This is precisely the type of policy decision which is the province of the local government. Once the decision to offer such services is made, however, City must execute the policy on the operational level without negligence. City is immune from liability insofar as it is alleged to be negligent in its decision to offer only basic ambulance services. 51 O.S.1991, § 155(5).

There are no disputed, material facts which require a trial. The trial court's determination City is entitled to judgment as a matter of law is AFFIRMED.

JONES and BAILEY, JJ., concur.

---

**3.** This case was reversed by the Minnesota Supreme Court in *Schneider v. Buckman,* 433

N.W.2d 98 (Minn.1988).